# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 524 | **DATE** | 7/14/2000 |
| **CASE TITLE** | First Health Group Corp. vs. Motel 6 Operating L.P. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    Enter Memorandum Opinion and Order.  Plaintiff's motion to reconsider dismissal with prejudice [9-1] and the motion to enjoin [9-2] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUL 17 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | JUL 17 2000 | |
| RO | courtroom deputy's initials | date/time received in central Clerk's Office | date mailed notices mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIRST HEALTH GROUP CORP.,<br>a Delaware corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  00 C 524 |
| | ) | |
| MOTEL 6 OPERATING  L.P.,<br>a Texas Limited Partnership, | ) | Judge Ruben Castillo |
| | ) | |
| Defendant. | ) | |

**DOCKETED**

**JUL 17 2000**

## MEMORANDUM OPINION AND ORDER

Plaintiff, First Health Group Corp. ("First Health"), filed a motion pursuant to Federal

Rule of Civil Procedure 59(e) asking this Court to reconsider its order dismissing the lawsuit

with prejudice and denying First Health's motion to enjoin Defendant, Motel 6 Operating L.P.

("Motel 6"), from prosecuting its action in Texas.  We deny motion to reconsider for the

following reasons.

## STATEMENT OF FACTS

After fruitless mediation efforts to settle various contract disputes between the parties, on

January 27, 2000, Motel 6 filed suit against First Health in Texas state court for breach of

contract.  Less than an hour and a half later that same day, First Health filed suit in this Court

seeking declaratory relief and damages for breach of contract.  On March 13, 2000, First Health

removed the Texas state action to Texas federal court.  Three days later, we dismissed First

Health's suit with prejudice and denied its motion to enjoin Motel 6 from prosecuting similar

claims in Texas.  (R. 8, Min. Order of Mar. 16, 2000.)

*14*

## LEGAL STANDARDS

Although motions for reconsideration are not explicitly authorized by the Federal Rules of Civil Procedure, courts apply Rule 59(e) standards to these motions. *See, e.g., Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 n.9 (N.D. Ill. 1988). But the Seventh Circuit has repeatedly cautioned that "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quotation omitted); *see also Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). More recently, the Seventh Circuit observed that a motion for reconsideration performs a valuable function where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. . . . Such problems rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). It remains true, however, that "motions to reconsider are not at the disposal of parties who want to 'rehash' old arguments," and such motions are not appropriate vehicles for tendering new legal theories for the first time. *In re Oil Spill by the "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd,* 4 F.3d 997 (7th Cir. 1993) (unpublished).

As the above standards indicate, these motions should not be routinely filed by parties who have been adversely impacted by our orders. "This Court, just like the National Football League, has done away with the concept of 'instant replay.'" *Jefferson v. Security Pac. Fin. Servs., Inc.*, 162 F.R.D. 123, 125 (N.D. Ill. 1995). Unless parties can reasonably argue that the

Court made a manifest error of law, misapprehended the facts, or that the law has changed, their

energies would be better spent pursuing their arguments on appeal. As we have stated before,

filing a motion to reconsider should not be a "Pavlovian Response" to an adverse ruling. *See,*

*e.g., California Ins. Co. v. Liberty Mut. Ins. Co.,* 930 F. Supp. 317, 319 (N.D. Ill. 1996).

## ANALYSIS

First Health has not satisfied the legal standards for reconsideration. First Health does

not demonstrate a manifest error of law, a change in the law, or a misapprehension of the facts.

Additionally, First Health's advocacy for a narrow reading of *Tempco Elec. Heater Corp. v.*

*Omega Eng'g, Inc.,* is misguided and unconvincing. 819 F.2d 746 (7th Cir. 1987).

First, First Health asks us to limit the application of *Tempco* to cases brought solely for

declaratory relief. Essentially, First Health maintains that, because its complaint contains a

breach of contract count in addition to a request for declaratory relief, the *Tempco* decision is

fundamentally different than that involved here. We disagree. The policy driving the *Tempco*

court was to avoid unseemly races to the courthouse and numerous identical and unnecessary

lawsuits. *Id.* at 750. The court in *Tempco* refused to sanction the use of declaratory judgment

actions to secure a desired forum in the face of an imminent coercive action. *Id.* at 749-50. We

in turn refuse to sanction First Health's strategy of attaching a flimsy contract claim to a

declaratory judgment claim in an attempt to avoid the *Tempco* decision. This case involves the

same parties, is based on the same transactions, and alleges the same facts as the litigation

currently pending in Texas federal court. Nothing precludes First Health from asserting its

contract claim in the Texas action. Having two concurrent lawsuits involving the same issues in

separate federal courts is a waste of judicial resources. First Health has not in any way

convinced us that we should depart from the generally (but not rigidly) applied "first to file" rule.

We are likewise unmoved by First Health's contention that by being the first to file in a federal forum, it should have the choice of where to litigate. Not only does First Health fail to offer a shred of legal support for this position, it also neglects to present any legitimate reason we might want to follow it -- probably because there is no such reason. The omission is especially glaring considering that the lawsuit alleges state law violations. This country from the beginning has recognized that federal and state courts are co-equals, and further that state courts are fully as capable of resolving lawsuit as are federal courts. This strong tradition of comity between the judicial systems dictates rejecting a "first to file in federal court" rule.

Even if we were minimally inclined to adopt a "first to file in federal court" rule, which we are not, First Health still loses. Motel 6 was the first to file its lawsuit, albeit in state court. As soon as it was served, First Health removed that action to federal court. "After removal, a federal court acquires full and exclusive jurisdiction over the litigation. The removed case proceeds according to the Federal Rules of Civil Procedure and is treated as though it had been commenced originally in federal court." *Manufacturers Hanover Trust Co. v. Palmer Corp.*, 798 F. Supp. 161, 166 (S.D.N.Y. 1992) (*quoting* 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3738 at 556-57 (1985)). Based on this reasoning, Motel 6's suit, when removed to federal court, must be treated as though it started in federal court as of the date it was filed in state court. Therefore, even under a "first to file in federal court" rule, the Texas district court obtained jurisdiction over this action first.

Finally, First Health argues that Illinois is a better forum in which to litigate this dispute and asks us to transfer the case. (R. 9., Motion to Reconsider Dismissal with Prejudice and to

Reconsider the Motion to Enjoin at 8.) However, such a transfer decision is not for us to make. Transfer motions should be addressed to the sending court, not the potential receiving court. The statute makes this order of proceedings clear: "a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.A. §1404 (a). We are in no position to order the Texas court to transfer the case to Illinois. Moreover, the underlying facts of this dispute are all centered in Texas and, therefore, it seems appropriate that a Texas court resolve the dispute.

## CONCLUSION

For these reasons, we deny First Health's motion to reconsider our order dismissing this case with prejudice, (R. 9-1), and its motion to enjoin, (R.9-2).

Entered:

Judge Ruben Castillo
United States District Court

Date: July 14, 2000